# Docket No.: 14-3611-cv

---

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

**LOUIS CHUNG,**

**Plaintiff-Appellant,**

**v.**

**CITY UNIVERSITY OF NEW YORK,**

**Defendant-Appellee.**

---

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

### BRIEF AND APPENDIX OF PLAINTIFF-APPELLANT

---

Brian P. Fredericks, Esq.
Law Office of Brian P. Fredericks, PC
*Attorney for Plaintiff-Appellant*
1330 Avenue of the Americas, 23rd Floor
New York, New York 10019
(718) 889-6188
brian@frederickslawpc.com

# **Table of Contents**

TABLE OF AUTHORITIES.....................................…………………………………………ii

JURISDICTION AND TIMELINESS...................................…………………………………1

ISSUES PRESENTED FOR REVIEW.....................…………………………………………2

STATEMENT OF THE CASE......................................…………………………………………2

PROCEDURAL HISTORY...................................…………………………………………3

STATEMENT OF FACTS...........................…………………………………………....4

SUMMARY OF THE ARGUMENT................……………………………………………6

ARGUMENT...................................…………………………………………...7

I.      Chung sufficiently pled enough facts to support the occurrence of an adverse employment action in circumstances that give rise to an inference of discrimination................................…………………………………………8

II.     Chung pled sufficient facts to substantiate his retaliation claim in that he suffered from an adverse employment action after complaining of discrimination and sufficiently established a causal connection between his complaints of discrimination and the claimed harm……..............................................................11

CONCLUSION...................................……………………………………………14

CERTIFICATE OF COMPLIANCE.................……………………………………………..15

## TABLE OF AUTHORITIES

### CASES

Anderson News, L.L.C. v. America Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012)...…...8

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).......................................………..7, 8

Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)....................…………..8

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 71 (2006)..........…………..12

Fitzgerald v. Henderson, 251 F.3d 345, 365 (2d Cir. 2001)....................…………10

Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)....................…………11

Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009)..........................………..8

Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 176 (2d Cir. 2005)..........…………..9

Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 209 (2d Cir. 2006)..12

Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007)..................………….7

Rolon v. Ward, 345 Fed.Appx. 608, 609 (2d Cir. 2009).....................………..9

Starr v. Sony BMG Music Entertainment, 592 F.3d 414, 321 (2d Cir. 2010)........…….7

Swierkiewicz v. Sorema N.A., 543 U.S. 506, 513 (2002).....................…………11

Williams v. R.H. Donnelley Corp., 368 F.3d 123, 128 (2d Cir. 2004)..........………..9

### STATUTES, REGULATIONS AND RULES

28 USC § 1291...............................……………………………………...….2

42 USC § 2000e...............................……………………………………...…..2

# Docket No.: 14-3611-cv

---

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

**LOUIS CHUNG,**

**Plaintiff-Appellant,**

**v.**

**CITY UNIVERSITY OF NEW YORK,**

**Defendant-Appellee.**

---

## BRIEF OF PLAINTIFF-APPELLANT

---

### JURISDICTION AND TIMELINESS

On July 9, 2013, Judge George B. Daniels of the Southern District of New York (the "District Court") dismissed the Complaint of Plaintiff-Appellant Louis Chung ("Chung") pursuant to Federal Rule of Civil Procedure 12(b)(6) and granted Appellant leave to amend provided an amendment would not be futile. (A005). Chung subsequently filed a proposed Amended Complaint (the "Complaint") on September 20, 2013. (A006-015). On August 27, 2014, the District Court determined that the Complaint would be futile and subsequently denied Chung's request for leave to amend, thereby granting the motion to dismiss of Defendant-

Appellee City University of New York ("CUNY") (the "Order"). (A016-026).

Chung timely filed his Notice of Appeal of the Order on September 24, 2014 pursuant to F.R.A.P. 4(a)(1)(A). This Court has jurisdiction pursuant to 28 U.S.C. § 1291 in that this is an appeal from a final judgment of the District Court disposing of all claims by all parties.

## ISSUES PRESENTED FOR REVIEW

I.    Whether the District Court erred in dismissing Chung's discrimination claim by finding that Chung failed to properly plead facts establishing that he suffered from an adverse employment action and failed to demonstrate circumstances giving rise to an inference of discriminatory animus?

II.   Whether the District Court erred in dismissing Chung's retaliation claim by finding that Chung failed to demonstrate that he suffered an adverse employment action on account of his protected activity and failed to establish a causal connection between this protected activity and any alleged adverse employment action?

## STATEMENT OF THE CASE

This is an action for race and national origin discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). On July 9, 2013, the District Court dismissed the Complaint pursuant

to FRCP Rule 12(b)(6) based on a number of purported deficiencies in the pleading and granted leave to amend provided an amendment would not be futile. (A005). Specifically, the District Court determined that Chung failed to properly plead facts establishing that he suffered from an adverse employment action and also failed to demonstrate circumstances giving rise to an inference of discriminatory animus. Additionally, the District Court determined that Chung failed to demonstrate that he suffered an adverse employment action in connection with his retaliation claim and failed to establish a causal connection between his complaint of discrimination and any adverse employment action. Chung subsequently filed a proposed Amended Complaint, and on August 27, 2014, the District Court determined that the amendment would be futile and subsequently denied Chung's request for leave to amend and granted CUNY's motion to dismiss. (A006-026).

## PROCEDURAL HISTORY

Chung filed his Complaint on September 20, 2013 alleging claims of race and national origin discrimination and retaliation under Title VII and retaliation. On July 9, 2013, the District Court dismissed the Complaint pursuant to FRCP Rule 12(b)(6) and granted Chung leave to amend to supplement any alleged adverse employment actions suffered by Chung and any alleged retaliatory actions taken by CUNY on account of Chung's filing of a complaint of discrimination. (A005). On September 20, 2013, Chung filed his proposed First Amended

Complaint. (A006-015). This is an appeal of the August 27, 2014 Order denying Chung's request for leave to amend and alternatively the Complaint pursuant to FRCP Rule 12(b)(6). (A016-026).

## STATEMENT OF FACTS

Chung is of Chinese national origin and race has been an employee of CUNY since 1997. (A007, ¶¶ 5-6). He began working at CUNY's Baruch College ("Baruch") in 2001 as an Information Systems Assistant - Level 2 in the Computing and Technology Center ("BCTC") until his November 2006 transfer to the Student Computing Services Department (the "Lab") as an Information System Assistant - Level 2. (A008-009, ¶¶ 13, 16). At the time of transfer, Chung was the only employee of Asian race at BCTC and his existing position was replaced by an employee of Caucasian race. (A008-009, ¶¶ 16-17).

Chung alleges that the transfer was neither justified by any legitimate business reason nor the result of any deficient job performance, and that the transfer led to a significant diminution of his job duties and responsibilities. (A009, ¶¶ 17-18). Specifically, instead of performing sophisticated computer-related tasks such as design and programming, Chung was responsible for such marginalized daily tasks like monitoring printer paper and worked amongst colleagues consisting of college students with little to no relevant professional experience or qualifications (A008-009, ¶¶ 15, 18). Chung alleges that while his transfer and

accompanying changes to his job duties occurred outside the relevant statute of limitations period under Title VII, the adverse acts Chung had suffered from were carried out by CUNY on account of his race and national origin. (A008-009, ¶¶ 16-18). Such acts by CUNY included, among other things, depriving him of reasonable access to workplace facilities and training, denying him access to certain computer programs that were essential to carry out the duties of his position, assigning him demeaning and physically demanding tasks such as handling hundreds of cases of printer paper, tasks and duties for which other similarly situated employees were not assigned. (A009-010, ¶¶19-20). Chung further alleges that CUNY used these measures as a pretextual means to issue disparate performance evaluations and lodge unwarranted criticism against him, all of which occurred within the relevant statute of limitations period. (A010, ¶ 21).

Chung subsequently lodged a complaint of discrimination in December 2009 by filing a Notice of Claim of Discrimination against CUNY, a protected activity occurring within the relevant statute of limitations period. (A010, ¶ 22). In retaliation for his complaint of discrimination, Chung alleges that he was assigned demeaning work and further marginalized from the Lab. Such retaliatory conduct on the part of CUNY included, among other things, denying Chung training critical to his position, denying him access to departmental meetings, denying him access to certain system networks and programs necessary to perform the essential

functions of Chung's position, favoring non-Asian and less-qualified employees over Chung to perform certain tasks, and demanding that Chung perform menial and physically demanding tasks. (A010-011, ¶ 23). Moreover, following the discrimination complaint, Chung's direct supervisor directed the word "Chink" in the presence of Chung, referred to a woman of Chinese race as "Chink girl," and directed other offensive and derogatory remarks toward Chung. (A012, ¶ 24). Despite Chung's repeated complaints to remedy this racially charged and offensive language and conduct, CUNY failed to take timely measures to address this increasingly hostile work environment. (A012, ¶ 25).

## SUMMARY OF THE ARGUMENT

As set forth below, the District Court erred in dismissing Chung's discrimination and retaliation claims and determining that Chung's proposed amendment would be futile. First, Chung sufficiently plead enough facts to substantiate the occurrence of an adverse employment action in circumstances that give rise to an inference of discrimination, and the District Court prematurely determined whether the alleged actions of CUNY qualify as adverse without lending Chung the benefit of additional contextual and factual-specific discovery. The District Court also failed to properly consider certain events which fell outside the relevant statute of limitations period under Title VII and certain racially-charged and race-neutral comments to substantiate Chung's claim that such adverse

actions were carried out by CUNY with discriminatory animus.

Second, Chung sufficiently plead enough facts to substantiate his retaliation claim, namely that he suffered from an adverse employment action after complaining of discrimination and that a sufficiently strong causal connection exists between his complaints and the claimed harm. Chung pled sufficient facts showing that the alleged treatment could deter a reasonable employee from complaining of discrimination, and the District Court erred in applying a discrimination standard to Chung's retaliation claim. Moreover, Chung set forth factual circumstances from which a retaliatory motivation might be inferred in that he alleged remarks made by CUNY that reflect discriminatory animus and further alleged that other non-Asian employees were given preferential treatment. Such evidence of disparate treatment coupled with race-based comments can indeed support an inference of discriminatory animus at this stage of the proceedings.

## **ARGUMENT**

The District Court's grant of CUNY's motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted is reviewed de novo. *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir.2007). To survive a Rule 12(b)(6) motion to dismiss, Chung must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  All factual allegations are deemed to be true and all reasonable inferences and drawn in a Chung's favor.  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).  "A claim has facial plausibility if a plaintiff pleads enough factual content that allows the court to draw the reasonable inference a defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint must proceed even if a court considers the likelihood of recovery a remote possibility, and dismissal is only appropriate if a plaintiff cannot prove any set of facts warranting relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556.  Moreover, the District Court's denial of Chung's request for leave to amend is reviewed for abuse of discretion.  *Starr v. Sony BMG Music Entertainment*, 592 F.3d  at 321.  "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot be located within the range of permissible decisions."  *Anderson News, L.L.C. v. American Media, Inc*., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

**I.** **Chung sufficiently pled enough facts to support the occurrence of an adverse employment action in circumstances that give rise to an inference of discrimination.**

First, the District Court found that Chung failed to sufficiently allege facts to support the occurrence of an adverse employment action in circumstances that give rise to an inference of discrimination within the relevant statute of limitations period under Title VII.  (A018).  This is wrong, and while the District Court

correctly noted that a negative performance evaluation standing alone cannot constitute an adverse employment action, Chung does not simply allege to have only suffered from a negative performance evaluation. Indeed, a negative performance evaluation, along with CUNY's denial of Chung's access to essential training and programs arguably necessary to further his career prospects, are the types of actions that preclude him from performing the essential functions of his position and arguably render him ineligible for career growth such as promotions and accompanying pay raises.

Moreover, this Court has consistently ruled that "significantly diminished material responsibilities" as "sufficiently disadvantageous to constitute an adverse employment action." *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 128 (2d Cir. 2004). Importantly, the determination of whether an employment action qualifies as adverse for the purposes of Title VII is a fact-specific inquiry more appropriately determined at a later stage of litigation. *See, Rolon v. Ward,* 345 Fed.Appx. 608, 609 (2d Cir. 2009). Accordingly, the District Court's determination of whether an employment action is sufficiently adverse is not appropriate at the motion to dismiss stage because Chung's position and the accompanying effects of the alleged acts require a context-specific approach.

Finally, it is well established that so long as at least one adverse employment action fell within the relevant statute of limitations period, such predated actions

may constitute relevant background evidence. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 176 (2d Cir. 2005). Here, the lone untimely discrete act set forth in the Complaint is Chung's transfer to the Lab. This transfer, however, must be considered relevant background evidence because it establishes an inference of discriminatory animus; at the time, Chung was the lone employee of Asian race within the entire department, and his isolation from the remaining members of the department and subsequent replacement resulted in a significant diminution of job duties and responsibilities, all of which lend an inference of discrimination. This transfer should be used as probative background evidence in support of Chung's remaining timely claims because it is squarely relevant to the subsequent events at issue. *See, e.g., Fitzgerald v. Henderson,* 251 F.3d 345, 365 (2d Cir. 2001). In sum, taken as a whole and drawling all inferences in Chung's favor, Chung has sufficiently alleged disparate treatment claims, and any determination of the material weight of the allegations is not a permissible function of the court at this stage.

Second, the District Court found that Chung failed to establish a causal connection between any alleged adverse employment action and discriminatory racial animus save for one isolated racially charged comment. (A018-019). Here, Chung proffered clear evidence of discriminatory animus on the part of CUNY to lend an inference of discrimination, including racially-charged slurs and other

offensive and harassing conduct. Additionally, Chung sufficiently set forth circumstances giving rise to an inference of discrimination by alleging that he was treated less favorably than similarly situated employees of other races or national origins. *See, generally, Graham v. Long Island R.R.,* 230 F.3d 34, 39 (2d Cir. 2000) (whether other employees are similarly situated ordinarily presents a question of fact rather than a legal question to be resolved on a motion to dismiss).

Importantly, Chung's burden at the pleading stage does not require him to establish a prima facie case of discrimination based on disparate treatment, as employment discrimination complaints only need to satisfy the notice pleading requirements of FRCP 8(a). *Swierkiewicz v. Sorema N.A.,* 543 U.S. 506, 513 (2002). Chung has satisfied this requirement, and the District Court should only have determined the legal feasibility of the Complaint and not weigh the evidence in the manner in which it did.

## II. Chung pled sufficient facts to substantiate his retaliation claim in that he suffered from an adverse employment action after complaining of discrimination and sufficiently established a causal connection between his complaints of discrimination and the claimed harm.

The District Court determined that Chung failed to properly plead that he suffered a materially adverse employment action as a result of his complaint of discrimination or that Chung established a causal connection between his protected activity and the adverse actions taken by CUNY. (A020). The

District Court further found that the actions taken against Chung were immaterial as they would not objectively deter an employee from making a discrimination complaint and were insufficient to establish a retaliatory motive (A020, 022). Finally, the District Court opined that many of the adverse actions alleged by Chung in his retaliation claim overlapped with the complaints referenced in his discrimination claim. (A022).

In a retaliation claim, "[w]hether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006). Chung need not plead a prima facie case of retaliation claim at the pleading stage, he needs only to proffer evidence showing that the alleged treatment could deter a reasonable employee from complaining of discrimination. *See*, *e.g., Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006). Here, the District Court seemingly failed to make a distinction between the different standards applicable to what constitutes an adverse employment action in respect to discrimination and retaliation claims and applied a discrimination standard to Chung's retaliation claim. Second, even assuming each incident, standing alone, may not rise to the level of an adverse employment action, such incidents must be viewed together collectively to

properly determine whether such acts were material in any respect. Any employee whose job responsibilities were significantly diminished and his or her ability to perform essential job functions was significantly impaired following a complaint of discrimination would assuredly be deterred from making future complaints.

The District Court further determined that Chung failed to satisfy the causation element to his retaliation claim, namely that the alleged adverse employment actions were taken on account of his complaints of discrimination, and not merely just a continuation of his overlapping discrimination claim. (A022-023). Here, Chung set forth factual circumstances from which a retaliatory motivation might be inferred. Specifically, Chung alleges that CUNY made remarks that reflect discriminatory animus and that other non-Asian employees were given preferential treatment. The use of the word "Chink" is an intensely demeaning racial epithet in that its use implies animus towards those of Asian race and should be treated as direct evidence of discriminatory animus. Admittedly, as a whole the majority of the comments and actions of CUNY may not directly bear on Chung's race or national origin, yet such comments and actions should be viewed in this light because prior incidents can provide the necessary context in a fact-intensive setting such as an employment discrimination claim. *See, e.g., Holcomb v. Iona Coll.,* 531 F.3d 130, 141 (2d Cir. 2008) (direct evidence of discriminatory animus is rare and plaintiffs must rely on circumstantial evidence);

*see, also*, *Raniola v. Ratton*, 243 F.3d 621-22 (2d Cir. 2001) (evidence of discriminatory animus regarding a protected characteristic may show that other neutral conduct was in fact based upon the protected characteristic). Accordingly, evidence of disparate treatment coupled with race-based comments can support an inference of discriminatory animus.

**CONCLUSION**

For the foregoing reasons, Plaintiff-Appellant respectfully requests this Honorable Court vacate the August 27, 2014 Order of the District Court and remand Chung's matter to grant him leave to amend the Complaint, or for such other and further relief this Court deems just and proper.

Dated:     November 13, 2014
           New York, New York

                        Respectfully submitted,


                        s/ Brian P. Fredericks
                        Brian P. Fredericks, Esq.
                        LAW OFFICE OF
                        BRIAN P. FREDERICKS, PC
                        1330 Avenue of the Americas
                        23rd Floor
                        New York, New York 10019
                        Tel. (718) 889-6188

                        *Attorneys for Plaintiff-Appellant*

## <u>Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements</u>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   This brief contains 3,194 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 processing program 14-point font Times New Roman.

Dated:     November 13, 2014
           New York, New York

<u>s/ Brian P. Fredericks</u>
Brian P. Fredericks, Esq.
LAW OFFICE OF
BRIAN P. FREDERICKS, PC
1330 Avenue of the Americas, 23rd Floor
New York, New York 10019
Tel. (718) 889-6188

*Attorneys for Plaintiff-Appellant*
